# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HARRIS L. WINNS,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
SF-0752-15-0165-I-1

DATE: May 7, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harris L. Winns, San Jose, California, pro se.

Nina Paul, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Prior to the termination at issue in this appeal, the appellant was employed as a Sales & Services/Distribution Associate. Initial Appeal File (IAF), Tab 14 at 7, 22. The appointment from which he was terminated was effective on February 6, 2014, and was due to expire on January 31, 2015; he previously had served a temporary appointment from February 5, 2013, until January 31, 2014. *Id*. at 22-24. In October 2014, the agency issued two separate notices that terminated the appellant from his position. *Id*. at 40-43, 51-54. In the first termination notice, the agency charged the appellant with failure to follow instructions/irregular attendance/absence without leave based upon conduct that took place in September 2014. *Id*. at 51. In the second termination notice, the agency charged the appellant with unacceptable conduct/failure to follow instructions for conduct that took place after it issued the first termination notice. *Id*. at 40. The appellant filed this appeal challenging his termination and alleging discrimination based upon his religion and race and retaliation for prior equal employment opportunity (EEO) and union activities. IAF, Tab 1, Tab 5 at 16-20. The appellant also alleged that he was subjected to severe harassment and a

hostile work environment and that he was denied a promotion. IAF, Tab 5 at 14-15. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 6. The appellant later alleged whistleblower retaliation. IAF, Tab 12 at 24-26. The administrative judge issued an order to show cause informing the appellant that the Board may not have jurisdiction over his appeal. IAF, Tab 17. The appellant filed a response. IAF, Tab 18.

¶3        In his initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that he completed the 1 year of current continuous service required to establish jurisdiction over his appeal. IAF, Tab 23, Initial Decision (ID) at 3-4. He also found that the Board did not have jurisdiction over the appellant's whistleblower retaliation claim because he had failed to exhaust his administrative remedies with the Office of Special Counsel (OSC) and because, even if he had exhausted his administrative remedies, Postal Service employees are not entitled to seek corrective action under 5 U.S.C. § 1221. ID at 4. Finally, the administrative judge found that any other claims were beyond the Board's jurisdiction absent an otherwise appealable action. ID at 4-5.

¶4        The appellant has timely petitioned for review, arguing, inter alia, that the agency never informed him of the jurisdictional requirement that he exhaust his administrative remedies before OSC and that his 5-day breaks in service between appointments should not prevent a finding that he had 1 year of current continuous service. Petition for Review (PFR) File, Tab 1 at 4-5, 10-12. The agency has filed a response in which it states that it has rescinded its termination decisions and argues that its rescission divests the Board of jurisdiction. PFR File, Tab 6 at 4-5. In his reply, the appellant asserts that the agency's actions in rescinding the decisions and returning him to a "hostile and toxic" work environment do not return him to the status quo ante. PFR File, Tab 7 at 5-6.

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving by preponderant evidence that his appeal is within the Board's jurisdiction.[2]  5 C.F.R. § 1201.56(b)(2)(i).  The appellant may establish jurisdiction over his termination, even though he is a Postal Service employee, by demonstrating that he is a preference eligible and that he has completed 1 year of current continuous service in the same or similar position.  5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012).[3]  The term "current continuous service" means a period of employment or service, either in the competitive or excepted service that immediately precedes an adverse action without a break in federal civilian employment of a workday.  *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011).  As the administrative judge correctly found, ID at 3-4, the appellant never completed 1 year of continuous service with the agency.  The appellant's most recent appointment was effective on February 6, 2014, and, even using the effective date of the second termination decision, he was terminated less than 10 months later.  *Id*. at 22-24, 40.  He was terminated from his prior temporary appointment on January 31, 2014.  *Id*. at 23.  Therefore, the appellant had a break in service less than 1 year prior to his termination.  Thus, even assuming that the appellant was a preference eligible, we agree with the administrative judge that the Board does not have jurisdiction over the appellant's adverse action appeal because he did not have 1 year of current continuous service.[4]

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] Although the Board also has jurisdiction over the appeals of Postal Service employees who are management or supervisory employees or employees engaged in personnel work in other than a purely nonconfidential clerical capacity, *Clark*, 118 M.S.P.R. 527, ¶ 7, the appellant has not argued, and the record does not reflect, that he was employed in these categories, *see* IAF, Tab 14 at 76-77.

[4] We find that, even if the appellant had appeal rights as an employee under 5 U.S.C. § 7511(a)(1)(B)(ii), the Board lacks jurisdiction over his claim that the agency failed to

¶6      We also find that the Board lacks jurisdiction over the appellant's discrimination and retaliation claims, either as a separate appeal or as affirmative defenses. Postal Service employees may not file an individual right of action (IRA) appeal because they are not covered by the Whistleblower Protection Act.[5] 5 U.S.C. § 2302(a)(2)(C); *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002). Furthermore, although Postal Service employees may raise discrimination and retaliation as affirmative defenses, the Board is without jurisdiction to hear those claims in the absence of an otherwise appealable action. *Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 13 (2010). Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

promote him because the Board generally lacks jurisdiction over an appellant's nonselection for a promotion. *Harrell v. U.S. Postal Service*, 112 M.S.P.R. 492, ¶ 11 (2009).

[5] The appellant argues that the administrative exhaustion requirement before OSC should not bar Board jurisdiction because he was not informed of this requirement. PFR File, Tab 1 at 4-5. However, regardless of whether the appellant had exhausted his administrative remedies, the Board does not have jurisdiction over any IRA appeal brought by the appellant because he is a Postal Service employee. *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002).

[6] Because we find that the Board otherwise lacks jurisdiction over this appeal, we need not address the agency's assertion on review that it has fully rescinded its actions against the appellant. *See* PFR File, Tab 6 at 4-5, Tab 7 at 5-6.

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for

information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.